The document below is hereby signed.

Signed: April 17, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| PANCHITA BELLO, | ) | Case No. 16-00130 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SASHA MAJIDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. |
| PANCHITO BELLO, | ) | 17-10035 |
| | ) | |
| Defendant. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER REMANDING CASE

The plaintiff, a tenant of the debtor, made a timely oral motion to remand this case at a hearing held on January 11, 2018. The case began in the small claims division of the Superior Court of the District of Columbia and was removed by the debtor. For the following reasons, I will grant the motion and will remand the case to the Superior Court.

I

The plaintiff filed this case in the small claims division of the D.C. Superior Court on November 1, 2017.  The plaintiff is suing the debtor for water damage in the plaintiff's basement and mold throughout the premises.  The debtor removed the case on November 29, 2017.  The court held a hearing on January 11, 2018, wherein the plaintiff made an oral motion to remand the case to the D.C. Superior Court.  The court subsequently issued an *Order to Show Cause why the case Ought Not be Remanded* (Dkt. No. 9).  The debtor filed her *Response to Order to Show Cause* ("*Respones*") (Dkt. No. 12) on January 26, 2018.

The debtor contends that the court should hear the case for several reasons.  First, the debtor claims that the case may constitute an administrative claim under 11 U.S.C. § 503 because the case arises from the operation of the debtor's business of renting residential real estate.  Second, the debtor contends that this court may be able to adjudicate the claim faster than the D.C. Superior Court, considering the nature of the claim and the answer.  Additionally, the debtor notes that it is "well-known" that the D.C. Superior Court's docket is "substantial and delayed."  *Response* at 2.  Further, the debtor notes that the case has not proceeded in the D.C. Superior Court.  Finally, the debtor contends that it is "far more efficient and expedient to the administration of the underlying bankruptcy case, and permits

greater creditor protection, for this court to retain this core proceeding and adjudicate the matter promptly." *Id.* at 3.

The debtor had informed the court at the January 11, 2017, hearing that she was intending to file counterclaims against the plaintiff. However, in the *Response*, the debtor informed the court that she would not likely file counterclaims against the plaintiff because these counterclaims would not be procedurally appropriate. She informed the court that these claims would likely be commenced in a separate adversary proceeding.

II

Under 28 U.S.C. § 1447(a), a party may remove a case from state court to the bankruptcy court if the bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Under § 1334, bankruptcy court's have original and exclusive jurisdiction over cases under title 11, and original and concurrent jurisdiction over cases "arising under title 11, or arising in or related to cases under title 11." Under 28 U.S.C. § 1447(b), the bankruptcy court may remand any case removed under § 1447(a) on any equitable ground. However:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. § 1334(c)(2). The removing party has the burden to prove that there is federal jurisdiction. *BGC Partners, Inc.* v. Avison Young *(Canada) Inc.*, 115 F. Supp. 3d 119, 122 (D.D.C. 2015).

Section 1334(c)(2) requires courts to abstain from hearing cases that are based on a state law claim, for which the court only has related to jurisdiction, there is no other federal jurisdiction, that is commenced in state court, and can be timely adjudicated in that state court. I will review each of these elements.

    A.   State Law Claim

This is a state law claim. The plaintiff is seeking damages for the debtor's neglect of the property under a lease. This is a cause of action under the D.C. landlord/tenant laws.

    B.   Arising Under, Arising in, or Related to

The court only has related to jurisdiction over this case. Section 1334(b) provides that the court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Cases arise under title 11 when "a claim is made under a provision of title 11." Collier on Bankruptcy ¶ 3.01[3][e][i] (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 445 (1977)). Essentially, these are cases where the cause of action is created by title 11. Arise in jurisdiction, on the other hand, relates to cases with

"'administrative' matters that only arise in bankruptcy. In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside bankruptcy." *In re Wood*, 825 F.2d 90, 96-97, (5th Cir. 1987). Finally, related to proceedings are cases where "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) *overruled in part by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

    This case does not arise under title 11. The case is a landlord/tenant dispute regarding maintenance of the property. Title 11 does not create the cause of action here. Nor does the case arise in title 11, as this matter has nothing to do with the administration of the bankruptcy case, and would easily exist outside the bankruptcy case. The debtor contends that this case arises from the debtor's business operations and therefore may constitute an administrative claim. However, that does not give it the status of "arising under" or "arising in" title 11. The case certainly does relate to the bankruptcy case as the case may result in administrative expenses and is an action against the debtor.

    C.    Federal Jurisdiction

    A federal court would not have jurisdiction over this case

if not for the related to jurisdiction under § 1334(b). There is no federal question jurisdiction, this case does not "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, nor is there diversity of citizenship jurisdiction as both parties are domiciled in D.C., 28 U.S.C. § 1332.

D. A Case That Was Commenced

The case was commended in the D.C. Superior Court. The plaintiff filed the case in the small claims division of the D.C. Superior Court on November 1, 2017. The debtor removed the case to the bankruptcy court on November 29, 2017.

E. Timely Adjudication

In determining whether a case can be timely adjudicated, courts have looked at several factors. *BGC Partners, Inc.*, 115 F. Supp. 3d at 124. These factors include:

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalet Capital Fin. Ltd.*, 639 F.3d at 580. The focus of this review is whether adjudication in state court will impact the bankruptcy proceeding. *BGC Partners, Inc.*, 115 F. Supp. 3d at 124.

The debtor contends that there is a "well-known" backlog in

D.C. Superior Court; however, the debtor provides no evidence of such backlog, or how this courts calendar is any less backlogged than the D.C. Superior Court's calendar. The burden is on the debtor to show that the case is properly before this court. The mere alluding to a known fact does not provide the evidence necessary to carry such burden. Furthermore, this case was brought in the small claims division. In general, small claims courts proceed on a far quicker basis than the civil courts.

The debtor contends that the case has not proceeded in the D.C. Superior Court, but that is because the case was only in the D.C. Superior Court for a period of 28 days before it was removed to the bankruptcy court. Moreover, if the case had remained in D.C. Superior Court, it may have already been resolved, or would be closer to resolution than it currently sits. The small claims court had a hearing set for December 1, 2017, five weeks after the claim was filed. *Statement of Claim* at 1. This court's first hearing was held on January 11, 2018, seven weeks after the case was removed, and under the *Scheduling Order* (Dkt. No. 10), a trial will not be held until sometime after May 8, 2018, when a pretrial conference has been scheduled. This indicates that the D.C. Superior Court would likely resolve this case far quicker than the this court would.

The other factors do not help the debtor here. While this is a fairly simple case, the D.C. Superior Court would still have

greater expertise in landlord/tenant law.  There is no proceeding under the bankruptcy case that is related to the state law claim. The debtor notes that the case may lead to administrative claims, but as of now, there are no proceedings dealing with such administrative claims.  Finally, the underlying bankruptcy case is moving nowhere fast.  It is replete with continuance motions for filing required documents, and there has yet to be a hearing, or even a hearing scheduled, on the debtor's plan.  Furthermore, there is still a pending motion to convert the case to chapter 7. Therefore, it is unlikely allowing the D.C. Superior Court to resolve this matter will prolong the bankruptcy case or liquidation of the estate.

The debtor has not shown that adjudication by the D.C. Superior Court would impact the bankruptcy proceedings. Therefore, this case falls under the mandatory abstention provision of § 1334(c)(2).

### III

The debtor contends that it would be more efficient for the court to hear this case and would better protect creditors. However, Congress does not provide for the court to retain these types of cases for administrative efficiency or for greater protection to creditors.  Therefore, the court must abstain from hearing this matter and remand it back to the D.C. Superior Court.

IV

For the afore stated reasons, it is

ORDERED that this case is hereby remanded to the Superior Court of the District of Columbia.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders;

Sasha Majidy
1001 Constitution Ave., NE
Washington, D.C. 20002